**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BIBIJI INDERJIT KAUR PURI, | No. 20-35056 |
| Petitioner-Appellant, | D.C. No. 3:11-cv-01380-HZ |
| v. | |
| EAST WEST TEA COMPANY LLC, FKA Golden Temple of Oregon, LLC, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted October 8, 2020[**]
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and ANTOON,[***] District
Judge.

This trademark infringement case arose from the disputed use by Appellee

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

East West Tea Company, LLC ("EWTC") (f/k/a Golden Temple of Oregon, LLC) of trademarks bearing the name and likeness of Appellant Bibiji Inderjit Kaur Puri's late husband, Yogi Bhajan. Puri is a fifty-percent owner of the marks, which EWTC uses on its well-known tea products.[1]

In the latest stage of this protracted litigation, the district court, in accordance with remand instructions from this Court, confirmed an arbitration award in Puri's favor and stayed execution of the judgment pending further litigation.[2] Initially, the district court did not require EWTC to post a bond to protect Puri's potential future damages award, but upon motion by Puri the district court ordered EWTC to post a $225,000 bond.

Puri now appeals, arguing that the district court erred by (1) not requiring a higher bond amount, (2) failing to sufficiently explain its decision as to the bond, and (3) not granting Puri discovery to establish EWTC's potential liability. After reviewing for abuse of discretion, we affirm the district court's order.[3] *See A&M*

---

[1] The other fifty percent is owned by a trust that Puri and her husband established.

[2] In the ongoing litigation, EWTC seeks a declaratory judgment that its use of the trademarks is lawful and that it is no longer subject to portions of the award because it entered into a new license with the co-owner of the trademarks before the award was issued.

[3] Puri argues that Oregon law applies to the district court's bond determination because of a clause in the licensing agreement that formed the basis

*Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1028 (9th Cir. 2001) (bond); *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (denial of discovery).

Puri moved for a bond under Federal Rule of Civil Procedure 62(b) & (d). But Rule 62 does not apply in this case because this was not a stay as a matter of right under Rule 62(b) or a stay of an injunction pending appeal under Rule 62(d). Puri provides no other authority establishing that a bond was required here.

The district court correctly observed that there was no need for a bond in the circumstances of this case where there was no ongoing infringement. Nevertheless, the district court granted Puri's motion and ordered EWTC to obtain a bond for $225,000, reflecting the remaining damages that were awarded following arbitration. The district court sufficiently outlined the matters it considered in setting the bond amount, including the arbitration award, the litigation regarding the effect of the licensing agreement between EWTC and the co-owner of the trademarks, and EWTC's argument that any bond should be limited to the amount of unpaid royalties awarded by the arbitration panel.

Because this Court did not instruct the district court to impose a bond and the district court properly assessed the need for one, Puri cannot be heard to

---

of the arbitration. However, the clause upon which Puri relies is not a choice-of-law clause and does not affect the matter before this Court.

3

complain that the bond amount was unreasonably low. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003) ("The district court is afforded wide discretion in setting the amount of the bond, and the bond amount may be zero if there is no evidence the party will suffer damages from the injunction." (citations omitted)).

Lastly, because no bond was required, Puri could not have been prejudiced by the district court's refusal to allow her to conduct discovery as to the extent of EWTC's potential liability. *See Laub*, 342 F.3d at 1093.

Accordingly, we conclude that the district court did not abuse its discretion in setting the bond amount, explaining its decision, or denying discovery.

**AFFIRMED.**